

**NUMBER 13-19-00519-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ANTOINE BENSON,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                            **Appellee.**

### On appeal from the 274th District Court
### of Hays County, Texas.

# ORDER

### Before Chief Justice Contreras and Justices Hinojosa and Silva
### Order Per Curiam

Appellant's counsel filed an Anders brief, and appellant received a paper copy of the appellate record. *See Anders v. California*, 386 U.S. 738, 744 (1967). However, due to the format of the electronic records, appellant asserts he is unable to review certain electronic exhibits. On November 16, 2020, we issued an order instructing the trial court to

provide the electronic portions of the record, which are not currently sealed, in such a format and with any necessary order that would provide the pro se appellant a meaningful opportunity to review the electronic portion of the record, on or before fifteen (15) days from the date this order issues.

Before the Court is appellant's motion seeking to enforce this Court's prior order, in which he states he has not yet been provided access to the record as ordered by this Court. *See Kelly v. State*, 436 S.W.3d 313, 321 (Tex. Crim. App. 2014). Appellant argues that the options put forth by Texas Department of Criminal Justice (TDCJ), where appellant is housed, are impractical. Specifically, according to appellant, TDCJ has suggested two options: (1) for the district court to issue a bench warrant for appellant to bring him to the Hays County jail for him to review the records there; or (2) to utilize video conference at the TDCJ unit and have appellant's attorney "show the electronic record to appellant." Appellant further asks this Court to direct the Texas Department of Criminal Justice (TDCJ) to make the record available "either by new acquisition or utilization of existing equipment, a computer which does not have internet access," which will permit appellant to "fully examine the record."

We deny appellant's request to enter an order against TDCJ. Furthermore, we decline to conclude that the options presented by TDCJ are impractical. As to TDCJ's suggestion that appointed counsel show the electronic record to appellant via video conference, we note that counsel does not explain why video conference would prevent appellant from having a meaningful review of the electronic exhibits. Counsel's argument that it would prevent appellant from reviewing the evidence at "his own pace" as mandated by *Anders* is unsupported. *See Anders*, 386 U.S. at 744 (noting that appointed counsel's "role as advocate requires that he support his client's appeal to the best of his ability" and that "[t]his procedure will assure penniless defendants the same rights and opportunities

2

on appeal—as nearly as is practicable—as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel"). "Appointed counsel's duties of representation . . . do not cease simply because he has submitted a motion to withdraw, along with supporting *Anders* brief, in the court of appeals." *Kelly*, 436 S.W.3d at 319. "Until such time as the court of appeals relieves him of this professional obligation, appellate counsel must continue to 'act with competence, commitment[,] and dedication to the interest of the client and with zeal in advocacy upon the client's behalf." *Id.*; *see Anders*, 386 U.S. at 744 ("Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court.").

As to the option requiring the trial court to issue a bench warrant and physically bring appellant to Hays County from his housing unit with TDCJ, we note that, while the coronavirus pandemic has presented new challenges, the situation is always evolving, and the trial court is in the best position to determine if transporting appellant to Hays County is the best option. If the trial court determines that the current situation renders this option impracticable, then the trial court may still order appointed counsel to make the electronic record reviewable by assisting appellant's access through video conferencing.

In accordance with our November 16, 2020 order, the trial court is ORDERED to (1) make a determination on how to best make the aforementioned electronic portions of the record available to appellant and (2) to issue orders to ensure appellant has access to the record on or before fifteen (15) days from the date this order issues. It is FURTHER ORDERED the trial court notify this Court as to the date and manner upon which the

3

electronic appellate record was made available to appellant. *See Kelly*, 436 S.W.3d at 319.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
3rd day of February, 2021.